UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BILAL SAPARALI UULU,<br><br>                    Petitioner,<br><br>        v.<br><br>BRUCE SCOTT, Warden of the Northwest ICE Processing Center, and MARKWAYNE MULLIN, Secretary of the United States Department of Homeland Security,<br><br>                    Respondents. | CASE NO. 2:26-cv-01631-TL<br><br>ORDER FOR ADDITIONAL INFORMATION |

This matter is before the Court on its own motion.

Petitioner alleges in his Petition that the decision of the immigration judge ("IJ") who denied him release on bond "was legally deficient and constituted an abuse of discretion." Dkt. No. 1 at 9. This is a plausible claim and highly relevant to the legality of Plaintiff's detention. Recently, numerous judges in this district have granted Writs of Habeas Corpus on findings that immigration judges have abused their discretion and made legally erroneous determinations that

ORDER FOR ADDITIONAL INFORMATION – 1

noncitizens in removal proceedings posed a danger and/or a flight risk justifying detention during removal proceedings. *See, e.g.*, *Garcia v. Hernandez*, No. C26-1432-TLF, 2026 WL 1724216, at \*7 (W.D. Wash. June 15, 2026); *Haidari v. Scott*, No. C26-1655-KKE, 2026 WL 1628663, at \*3 (W.D. Wash. June 5, 2026); *Lima Gamez v. Hernandez*, No. C26-1104-BAT, 2026 WL 1382362, at \*5 (W.D. Wash. May 18, 2026); *Garcia Miranda v. Hernandez*, No. C26-906-JNW, 2026 WL 1328227, at \*4 (W.D. Wash. May 13, 2026); *Loya Medina v. Hernandez*, No. C26-772-GJL, 2026 WL 1260848, at \*8 (W.D. Wash. May 7, 2026); *Soriano v. Hernandez*, No. C26-900-DGE, 2026 WL 969764, at \*6 (W.D. Wash. Apr. 10, 2026). Petitioner is correct that "This Court has jurisdiction to review immigration custody determinations for legal error, including whether the Immigration Judge properly concluded that a noncitizen presents a flight risk or danger to the community" (Dkt. No. 1 at 9), and he has properly raised this claim.

However, although Petitioner raises a plausible allegation that his detention is unlawful and his release is required, he has not supported this allegation (or anything else in his petition) with any evidence upon which the Court could find for him. *See generally* Dkt. Nos. 1, 7. Likewise, although Respondents argue that the Court should not reach this claim, they offer no argument on the merits of the claim itself except that the *form* of the IJ's ruling (oral, with a short-form order) was legally sufficient. *See* Dkt. No. 4 at 16. Respondents present no argument or evidence on whether the decision was itself legally sound based on the evidence before the IJ. And, there is nothing in the record that illuminates any basis for a finding that Petitioner poses a flight risk (and Respondents do not claim to be aware of any).

//

//

//

ORDER FOR ADDITIONAL INFORMATION – 2

Accordingly, the Parties are hereby ORDERED to produce, on or before June 24, at 12:00 PM Pacific Daylight Time (PDT), any document(s) or recording that evidences the Immigration Judge's finding at the April 16, 2026, bond hearing that Petitioner poses a flight risk.

Dated this 18th day of June, 2026.

Tana Lin
United States District Judge

ORDER FOR ADDITIONAL INFORMATION – 3